Michelle REGENSCHEID, Claimant, Respondent,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Petitioner, Appellant.

No. CX–01–862.

Supreme Court of Minnesota.

Oct. 24, 2002.

Thomas H. Schaefer, Erstad & Riemer, P.A., Minneapolis, MN, for Appellant.

Timothy K. Dillon, Cannon Falls, MN, for Respondent.

## OPINION

PAGE, Justice.

Respondent Michelle Regenscheid was awarded $24,834.12 in a mandatory no-fault arbitration proceeding against her no-fault automobile insurance carrier, appellant Farm Bureau Mutual Insurance Company ("Farm Bureau"). Farm Bureau filed a motion in district court to partially vacate the award on the grounds the arbitrator exceeded the $10,000 jurisdictional limit on mandatory no-fault arbitration. The district court concluded that Farm Bureau waived the jurisdictional limit by proceeding to arbitration and affirmed the award. The court of appeals affirmed, concluding that Farm Bureau waived its right to object to arbitration of claims that exceeded the $10,000 jurisdictional limit because it failed to make a written objection as required by Rule 34 of the Minnesota No–Fault, Comprehensive or Collision Damage Automobile Insurance Arbitration Rules, 15 Minn.Stat. 598 (2000) ("Minn. No–Fault Arb. R."). Because we conclude that Farm Bureau objected in writing to arbitration of claims in excess of $10,000, we reverse and remand.

Farm Bureau was the Minnesota no-fault automobile insurance carrier for Regenscheid on April 5, 1998. Regenscheid claims that on that date she injured one of her knees while exiting her vehicle to chase her dog. Farm Bureau initially paid no-fault benefits, but after conducting an investigation, it concluded that Regenscheid's injury did not arise out of the maintenance or use of the motor vehicle it insured. By letters dated June 8 and July 9, 1998, Farm Bureau notified Regen-

scheid that it was denying her claim for no-fault insurance benefits. On August 24, 1999, Regenscheid filed a petition for no-fault arbitration seeking $9,999 in no-fault benefits, which was within the $10,000 limit for mandatory arbitration. *See* Minn. No–Fault Arb. R. 6. The arbitration hearing was scheduled for May 16, 2000. On May 11, 2000, five days before the scheduled hearing, Regenscheid sought to withdraw her arbitration petition, stating that her health insurer wished to add approximately $10,000 to the claim. That same day, Farm Bureau objected in writing to the request for withdrawal as being improper under Minn. No–Fault Arb. R. 13 because it was made less than ten days before the hearing date. Rule 13 provides that a claimant "may withdraw a petition up until ten (10) days prior to the hearing." Minn. No–Fault Arb. R. 13. Responding to Farm Bureau's May 11 letter, Regenscheid's attorney stated in a letter dated May 12, 2000, that he deemed Farm Bureau's refusal to allow withdrawal of the petition to be a waiver of the $10,000 jurisdictional limit and noted that he would include the approximately $10,000 in medical bills at the arbitration proceeding. Farm Bureau responded by letter that same day, stating:

> Just so the record is clear, Farm Bureau's refusal to allow withdrawal of the Arbitration Petition in no way should be construed as a waiver by Farm Bureau of the jurisdictional limit imposed by the Arbitration rules. Ms. Regenscheid chose her forum to pursue her dispute, and is bound by that decision and the AAA rules.

The arbitration went forward as scheduled on May 16, 2000, with the arbitrator considering the full amount of Regen-scheid's claim, including the amounts attributable to the additional medical benefits claim. Ultimately, the arbitrator awarded $24,834.12 to Regenscheid. Because the award exceeded the $10,000 jurisdictional limit for mandatory no-fault arbitration, Farm Bureau filed a motion in district court seeking to have a portion of the award vacated. The district court concluded that Farm Bureau had waived the jurisdictional limit by proceeding with arbitration and denied the motion. The court of appeals affirmed on different grounds. It concluded that Farm Bureau had failed to object in writing to arbitration of claims in excess of the jurisdictional limit and therefore Farm Bureau had waived its right to object under Minn. No–Fault Arb. R. 34.

■ The issue before the court is whether Farm Bureau made a written objection to arbitration of claims in excess of $10,000 under Minn. No–Fault Arb. R. 34. Application of the law to a particular set of facts is a question of law, which we review *de novo*. *State Farm Mut. Auto. Ins. Co. v. Great West Cas. Co.*, 623 N.W.2d 894, 896 (Minn.2001).

Rule 34 provides:

> Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.

Minn. No–Fault Arb. R. 34. The "provision or requirement" that Farm Bureau contends was not complied with by the arbitrator is the jurisdictional limit set out in Minn. No–Fault Arb. R. 6.[1]

---

1. Rule 6 provides, in part:
   > By statute, mandatory arbitration applies to all claims for no-fault benefits * * * where the total amount of the claim, at the commencement of arbitration, is in an amount of $10,000 or less.

Farm Bureau argues that in its letters of May 11 and May 12, 2000, it objected in writing, as required by Rule 34, to having the arbitrator consider that part of Regenscheid's claim that exceeded the jurisdictional limit, and therefore did not waive its jurisdictional defense. Regenscheid's primary argument is that, by refusing to allow her to withdraw from the arbitration, as requested on May 11, 2000, and by proceeding with the arbitration with knowledge that she was including the cost of medical benefits paid by her health care provider in the proceeding, Farm Bureau waived the jurisdictional limit. We disagree. Rule 34 does not require that a party refuse to proceed with arbitration to preserve an objection. Rather, the rule provides that a party who proceeds to arbitration with knowledge that a provision of the rules has not been complied with and who "fails to state an objection thereto in writing" waives their right to object. Put another way, a party must object in writing to the provision or requirement of the rules that it contends was not complied with, but is not required to object to the arbitration itself. Therefore, the jurisdictional limit was waived in this case only if Farm Bureau failed to make a written objection to arbitrating Regenscheid's claims in excess of the jurisdictional limit.

We conclude that Farm Bureau objected in writing after becoming aware that Regenscheid intended to arbitrate claims in excess of the no-fault jurisdic-

tional limit as required by Minn. No–Fault Arb. R. 34, and that the court of appeals erred in holding that Farm Bureau waived its right to object to consideration of the claims in excess of the jurisdictional limit. Farm Bureau's May 12 letter, written in response to Regenscheid's claim that Farm Bureau's refusal to agree to the withdrawal of the arbitration petition [2] constituted a "waiver of the $10,000.00 jurisdictional issue," states that "Farm Bureau's refusal to allow withdrawal of the Arbitration Petition *in no way should be construed as a waiver [of its] jurisdictional limit.*" (Emphasis added.) While Farm Bureau's letter does not specifically use the word "object," Farm Bureau's intent to object is clear; it was proceeding with the arbitration without waiving the jurisdictional limit. Thus, we conclude that Farm Bureau's May 12 letter constituted an objection in writing sufficient to satisfy the requirements of Rule 34.[3]

Because we conclude that Farm Bureau objected in writing, we also conclude that Farm Bureau did not waive the mandatory no-fault arbitration jurisdictional limit. Because Farm Bureau did not waive the jurisdictional limit, the award to Regenscheid cannot exceed $10,000. While Farm Bureau summarily argues in its brief that this court should reduce the arbitrator's award to $8,800, we decline to do so. After careful review, we conclude that it is not possible for this court to determine the proper amount to be includ-

---

Minn. No–Fault Arb. R. 6.

Rule 6 is derived from Minn.Stat. § 65B.525, subd. 1, which requires, among other things, that the supreme court "provide for the mandatory submission to binding arbitration of all [no-fault] cases [when] the claim at the commencement of arbitration is in an amount of $10,000 or less."

**2.** We note that, under Minn. No–Fault Arb. R. 13, Regenscheid's attempt to withdraw the

arbitration petition was untimely. Rule 13 provides, in part, that a claimant may withdraw a petition up until ten days prior to the hearing. Regenscheid was required to withdraw her arbitration petition no later than ten days before the scheduled hearing.

**3.** Because we conclude that the May 12 letter satisfied the requirements of Rule 34, we need not analyze Farm Bureau's May 11 letter.

ed in the award from the limited record before us.

Therefore, we reverse the court of appeals and remand to the district court for further proceedings consistent with this opinion.

Reversed and remanded.